In the Matter of **FLEXTON CORPORATION, Debtor.**

James Talcott, Inc., Appellant. No. 11353.

United States Court of Appeals Third Circuit.

Argued Oct. 13, 1954.

Decided Nov. 9, 1954.

Morris M. Wexler, Philadelphia, Pa. (John E. Mulder, Wexler, Mulder & Weisman, Philadelphia, Pa., on the brief), for appellant.

David Rosen, Philadelphia (Bertram K. Wolfe, Goff & Rubin, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This litigation began with a petition filed in the District Court for the Southern District of New York by the debtor, Flexton Corporation, seeking to accomplish an arrangement with its unsecured creditors under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. The debtor is a Pennsylvania corporation engaged in the manufacture of plastics in Pennsylvania. The District Court in New York ordered the proceedings transferred to the Eastern District of Pennsylvania where the record was received and filed January 23, 1954.

The District Court in Pennsylvania immediately appointed a receiver to take over the debtor's property and operate its business. The order of appointment, dated January 23, 1954, included an injunction restraining mortgagees and lienholders from interfering with the property in the possession of the receiver. This action was taken without any notice to mortgagees and lienholders. On February 17, James Talcott, Inc., the present appellant and the holder of a chattel mortgage on all of the debtor's machinery, petitioned the court to modify the order of January 23 so that it might enforce its lien. Talcott urged that the court was without authority to restrain lienholders without notice, that its chattel mortgage was in default and that its security was being impaired by deterioration incidental to the continuing use of the mortgaged property by the receiver. After the receiver answered this petition, a hearing was held and the question was taken under advisement.

Pending disposition of this matter, another creditor filed a petition designed to cause a change of the basic proceeding from one seeking a Chapter XI arrangement with unsecured creditors to a more comprehensive Chapter X (11 U.S. C.A. § 501 et seq.) reorganization. After hearing on this petition, and with the consent of the debtor, the court found that a Chapter X proceeding would be appropriate and authorized an amendment of the debtor's petition to accomplish the proposed reorientation of the litigation.

Thereafter, in an order dated May 5, 1954 and amended May 13, 1954, the court denied the appellant's petition for relief from the injunction of January 23, 1954. On May 19, 1954, the debtor filed its petition to change the litigation to a Chapter X proceeding and the same day the court approved the change and appointed the person who had been the Chapter XI receiver to be trustee under Chapter X. Two days later Talcott filed notice of the present appeal from the order of May 5, as amended May 13.

In the course of our examination of the record we have discovered another fact which neither party has brought to our attention. The order of May 19 transforming this litigation into a Chapter X proceeding, appointing a trustee and vesting the estate in him, contains its own injunction restraining secured creditors from proceeding in any way to enforce any lien against property owned by or in the possession of the debtor or the trustee.

The earlier injunction, which alone is challenged in this appeal, was incorporated in and incidental to the order appointing a Chapter XI receiver. Its restraint upon the enforcement of liens on property in the hands of the receiver was no more than a protective implementation of that receivership. But two days before this appeal was noted a Chapter X trusteeship, implemented by its own restraining order, had superseded the Chapter XI receivership. In these circumstances, we think it is clear that

the restraining order now in effect is not the one upon which this appeal is predicated. Accordingly, the question of the validity and propriety of the Chapter XI injunction is moot and will not be adjudicated.

Appellant has also sought to argue here that on the face of the record the debtor is so hopelessly insolvent that a Chapter X proceeding, no less than a Chapter XI proceeding, merely serves to delay and prejudice creditors without substantial prospect of any reorganization and, therefore, does not meet the requirement of good faith. Whatever color the extreme insolvency of the debtor may lend to this contention, it is not in issue here. The parties advise us that a motion to dismiss the Chapter X proceeding is now pending in the District Court. It is there that any issue of bad faith or obvious impracticability must be presented and decided in first instance.

The appeal will be dismissed as presenting only a moot question.

Each party shall bear its own costs.